NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210096-U

NO. 4-21-0096

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 31, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| ANGELO CASSANI, | ) | No. 18CF363 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court affirmed defendant's three concurrent 22-year sentences for
unlawful delivery of a controlled substance.

¶ 2    In February 2020, defendant, Angelo Cassani, pleaded guilty to three counts of
unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i), (c)(2) (West 2016)), and
the trial court later sentenced him to three concurrent 22-year prison sentences on each count. In
October 2020, defendant filed a motion to reconsider, which the trial court denied.

¶ 3    Defendant appeals, arguing the court abused its discretion when sentencing him
by (1) relying on an outdated mitigation inquiry, (2) failing to properly consider the seriousness
of the offense, and (3) failing to properly consider his rehabilitative potential. We disagree and
affirm.

¶ 4                                I. BACKGROUND

¶ 5                                    A. The Charges

¶ 6            In December 2018, the State charged defendant with one count of delivery of a substance containing cocaine, a Class 1 felony, alleging he knowingly delivered the substance to a police confidential source (count I), and two counts of delivery of 1 to 15 grams of a substance containing cocaine, a Class 2 felony, alleging defendant, on two occasions, knowingly delivered the substance to a police confidential source (counts II & III). 720 ILCS 570/401(d)(i), (c)(2) (West 2016).

¶ 7                              B. The Sentencing Hearing

¶ 8            In February 2020, defendant entered an open guilty plea to all three counts that the trial court accepted. The trial court admonished defendant that he would be subject to mandatory Class X sentencing (730 ILCS 5/5-4.5-95(b) (West 2016)) due to his previous convictions for aggravated criminal sexual abuse and residential burglary. The trial court accepted the plea, continued the case for sentencing, and ordered the preparation of a presentence investigation report (PSI).

¶ 9            The PSI detailed defendant's (1) criminal history, (2) family and educational background, (3) employment and financial status, and (4) history of substance use. Defendant's criminal history included, in relevant part, an aggravated criminal sexual abuse conviction and a residential burglary conviction.

¶ 10           In September 2020, the court conducted a sentencing hearing. The State did not present any evidence in aggravation.

¶ 11           In mitigation, defendant called Michael and Sonya Bay, his brother and sister, to testify. Both witnesses characterized defendant's relationship with his three-year-old son as being good. Michael testified that defendant's relationship with his three-year-old son was "very

strong" and their "interaction [was] phenomenal." Sonya testified that defendant was a "hard worker" and that there was "nothing that [defendant's son] could want" that defendant would not do for him.

¶ 12        Regarding defendant's rehabilitative potential, defendant's siblings testified that defendant was not a drug dealer but merely a drug addict. On direct examination, Michael testified that people need a "support system" and his brother's addiction was "a problem that he just needs to get fixed." Michael further asserted that defendant "without a doubt" was ready to accept support from others, support which Michael would "absolutely" provide. When asked on cross-examination why he has not in the past been "willing to be a support system for [defendant]," Michael responded, "I am, but I don't live close." Sonya also testified that she would help provide a support system for defendant and that defendant had a good relationship with his mother.

¶ 13        In allocution, defendant apologized for his crime. He then explained that "[e]very charge and prison sentence" he had in his life could be attributed to drug and alcohol use. He also described his children as "my world and best thing I have ever done."

¶ 14        Following the presentation of evidence, the State asked the trial court to sentence defendant to 20 years in prison largely because of his extensive criminal history and drug use. In support, the State pointed to defendant's "15 misdemeanors and [9] felonies" which occurred "from [defendant's] 20's into his 30's and now into his 40s." The State also pointed to defendant's frequent drug use, noting that he had tested positive for cocaine, fentanyl, and morphine 18 months after being charged with three counts of delivery of cocaine. Defendant requested the statutory minimum of eight years.

¶ 15        Ultimately, the trial court sentenced defendant to three concurrent terms of 22

years in prison. In imposing its sentence, the court stated as follows:

"One of the things the Court is to take into consideration is your rehabilitative potential. The Court is also to consider the evidence that was set forth today, the presentence report, the financial impact of incarceration, there are a number of factors in aggravation and mitigation that are present here, and certainly your statement in allocution. So there's a lot of things for the Court to take into consideration, and I will point out the ones that stand out to me in terms of sentencing."

¶ 16   The trial court then emphasized the seriousness of defendant's offense, concluding that the statutory minimum six-year sentence for a Class X offense meant the legislature "wants the Court to give [the sentence] serious consideration" because it is a "very, very serious matter." Further emphasizing the crime's seriousness, the court continued, "[T]here is a concern in general about the effect that these particular crimes have on the community and the unfortunate drug problem that we are having in our community and across the country. *** I don't have the right answer; but I can tell you what I have here in front of me today, you know, that's, that's not it."

¶ 17   The trial court further found defendant's prior criminal history and the need for deterrence to be strong factors in aggravation. Regarding defendant's criminal history and rehabilitative potential, the court noted that "I'm not convinced [rehabilitation is] a strong factor because [defendant is] 42 years old; and [defendant has] demonstrated throughout [his] life that [he is] not prepared to be a law-abiding citizen."

¶ 18   Next, the trial court expressed skepticism regarding defendant's alleged addiction, stating that it was "unusual" for an addict to "flip the switch on and off [regarding drug usage],

*** do really good for a while, *** relapse and bam, commit [C]lass 1 felony offenses." The court concluded that "the aggravating factors in this case just very strongly outweigh any mitigating factors" and sentenced defendant to three concurrent 22-year prison sentences.

¶ 19          This appeal followed.

¶ 20                              II. ANALYSIS

¶ 21          Defendant appeals, arguing the court abused its discretion when sentencing him by (1) relying on an outdated mitigation inquiry, (2) failing to properly consider the seriousness of the offense, and (3) failing to properly consider his rehabilitative potential. We disagree and affirm.

¶ 22                A. The Applicable Law and The Standard of Review

¶ 23          "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. "The Unified Code of Corrections (Unified Code) [(730 ILCS 5/5-5-3.1, 5-5-3.2 (West 2020))] prescribes mitigating and aggravating factors that the trial court must consider when determining an appropriate sentence." *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 105, 126 N.E.3d 703.

¶ 24          In general terms, "[t]he trial court's sentence must be based upon the particular circumstances of the case, including (1) the defendant's history, character, and rehabilitative potential; (2) the seriousness of the offense; (3) the need to protect society; and (4) the need for punishment and deterrence." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 102. However, the trial court need not recite and ascribe value to each factor it considers during sentencing, nor attribute a defendant's rehabilitative potential greater weight than the seriousness of the offense or the need to protect the public. *People v. Walker*, 2021 IL App (4th) 190073, ¶ 73.

- 5 -

¶ 25     Furthermore, "[t]here is a strong presumption that the trial court based its sentencing determination on proper legal reasoning, and a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." (Internal quotation marks omitted.) *Sturgeon*, 2019 IL App (4th) 170035, ¶ 103. Absent explicit evidence to the contrary, the trial court is presumed to have considered all aggravating and mitigating factors in imposing a sentence. *People v. Halerewicz*, 2013 IL App (4th) 120388, ¶ 43, 2 N.E.3d 333.

¶ 26     Appellate courts accord great deference to the sentences imposed by trial courts and will not reverse a trial court's decision absent abuse of discretion. *Walker*, 2021 IL App (4th) 190073, ¶ 64. "A trial court's sentence is an abuse of discretion only if it is greatly at odds with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 104.

¶ 27                              B. This Case

¶ 28          1. *The Trial Court's Consideration of Evidence in Mitigation*

¶ 29     Defendant first argues that the trial court erred by "abandon[ing] the currently required [mitigation] inquiry in favor of an outdated version of the statute"—specifically, in regard to the effect of defendant's incarceration on his child—based on the court's use of the term "excessive hardship" during the sentencing hearing.

¶ 30     Although defendant correctly identifies that the Unified Code's updated language no longer includes "excessive hardship" (compare 730 ILCS 5/5-5-3.1 (West 2020), with 730 ILCS 5/5-5-3.1 (West 2018)), he fails to persuade us that the use of that term demonstrates that the trial court "gave no consideration" to the mitigating factors in the current Unified Code.

¶ 31     Defendant asks us to make a double inference—with little evidence and no

citation to authority—that (1) stating "excessive hardship" in passing must mean the trial court "abandoned" the current version of the Unified Code and (2) as a result the court must not have considered defendant's son's age, relationship with defendant, or the negative consequences of the 22-year sentence on defendant's child.

¶ 32        We note, however, the law presumes a trial court has considered all mitigating factors. *Halerewicz*, 2013 IL App (4th) 120388, ¶ 43. Defendant's claim that the trial court's passing use of the term "excessive hardship," without more, does not overcome this presumption.

¶ 33        Moreover, defendant's second point is explicitly refuted by the record. The trial court considered defendant's relationship with his son, stating, "I don't doubt that you love your children, and I don't doubt that you are good to your family." It also considered the negative consequences of defendant's imprisonment on his son, further stating, "I recognize this will sadly have an impact on your son no matter how you slice it; but that's because of actions that you did, not actions that I'm doing."

¶ 34        Accordingly, the trial court did not abuse its discretion by failing to consider statutory mitigating factors.

¶ 35            2. *The Seriousness of The Offense and Rehabilitative Potential*

¶ 36        Defendant next argues that his sentence is excessive considering the seriousness of his offense and rehabilitative potential. He insists, primarily, that (1) he only sold cocaine to support his drug addiction, (2) his addiction was the cause of his criminal history, and (3) his periods of sobriety indicated he could be rehabilitated. We disagree.

¶ 37        The law does not require a trial court to consider defendant's drug addiction as a mitigating factor. *Sturgeon*, 2019 IL App (4th) 170035, ¶ 105; 730 ILCS 5/5-5-3.1 (West 2020). "Instead, a history of substance abuse is a 'double-edged sword' that the trial court may view as

a mitigating or aggravating factor." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 105 (quoting *People v. Mertz*, 218 Ill. 2d 1, 83, 842 N.E.2d 618, 663 (2005)). Additionally, defendant's prior criminal history and the need for deterrence are proper for the court to consider when sentencing. See 730 ILCS 5/5-5-3.2 (West 2020).

¶ 38　　Furthermore, "[n]ot all criminal defendants must be given an opportunity for rehabilitation or else life imprisonment would not be constitutionally permissible. The responsibility for balancing between rendering justice and rehabilitating the defendant rests with the trial court." *People v. Bien*, 277 Ill. App. 3d 744, 755-56, 661 N.E.2d 511, 519-20 (1996).

¶ 39　　Here, the trial court was concerned that defendant was using his addiction as an "excuse" for his many crimes, ultimately concluding that deterrence was a very strong factor to "send a message that dealing drugs is not acceptable in the community." The court determined defendant's criminal history—specifically his nine prior felonies including burglary and aggravated criminal sexual abuse—was also a very strong factor in aggravation. Likewise, the trial court noted, "[C]ertain drug offenses warrant the most severe penalties," and someone who was found guilty of "dealing drugs [on] three separate occasions *** is a drug dealer no matter how you dress it up."

¶ 40　　Sentencing a lifelong criminal and drug addict to 22 years in prison for a Class X felony is not greatly at odds with the purpose of the law or disproportionate to defendant's offense.

¶ 41　　Regarding rehabilitation, the trial court also adequately considered defendant's rehabilitative potential during sentencing, stating in part, "I'm not convinced that [rehabilitation] is a strong factor because [defendant is] 42 years old; and [defendant] demonstrated throughout [his] life that [he is] not prepared to be a law-abiding citizen."

¶ 42　　　　Because the trial court (1) was under no requirement to consider defendant's addiction as a mitigating factor (see *Sturgeon*, 2019 IL App (4th) 170035, ¶ 105), (2) sentenced defendant within the applicable range (see 730 ILCS 5/5-4.5-25 (West 2020) (providing between a 6 and 30 year sentence for Class X offenses)), and (3) properly relied upon statutory sentencing factors (such as deterrence, defendant's criminal history, defendant's rehabilitative potential, and the seriousness of defendant's offense), we conclude defendant's sentence was not an abuse of discretion.

¶ 43　　　　　　　　　　　III. CONCLUSION

¶ 44　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 45　　　　Affirmed.